THE PEOPLE OF THE TERRITORY OF GUAM

v.

THEODORE K. WASHINGTON, Defendant

Criminal Case No. 148F-78

Superior Court of Guam

October 19, 1978

WEEKS, *Judge*

DECISION

This case comes before the Court on defendant Theodore Washington's motion to dismiss the indictment filed September 28, 1978, and argued October 12, 1978. The motion is based on the ground that the prosecution violated the mandate of Criminal Procedure Code § 50.46 by failing to

present to the grand jury a note, allegedly written by the victim, which recites a motive for individuals other than the defendant to have committed the crime which is the basis of this action.

Criminal Procedure Code § 50.46 reads:

The grand jury shall receive only evidence presented to it by the prosecuting attorney but the prosecuting attorney shall submit any evidence in his possession which would tend to negate guilt and the grand jury shall weigh all evidence submitted.

The People defended their failure to introduce the note on the ground that the note was inadmissible hearsay and as such could not be presented to the grand jury due to the requirements of Criminal Procedure Code § 50.42. That Section reads in pertinent part:

The grand jury shall receive only evidence which would be admissible over objection at the trial of a criminal action. . . .

Disposition of this motion turns upon the admissibility of the note written by the victim. Defendant maintains it is admissible pursuant to the state of mind exception to the hearsay rule.

In a case in which the state of mind of a person is relevant to a material issue in the case, his declarations at that time are admissible as proof on that issue. When evidence of such declarations is introduced solely for the purpose of showing what the state of mind of that person was at the time the declarations were made, the declarations are regarded as acts from which the state of mind may be inferred and the truth of the declaration is immaterial. For this reason some courts treat such declarations as non-hearsay rather than a hearsay exception. See generally McCormick on Evidence (2d ed. 1972) Section 294; Jones on Evidence (6th ed. 1972) Section 8:6.

■ In the instant case it is difficult to see how the state of mind of the victim is at issue. Even if we assume that the victim's state of mind is at issue, the declaration goes to the motive of persons other than the defendant to commit the crime. The great weight of authority holds that evidence tending merely to show that persons other than the defendant had a motive for the commission of the crime is inadmissible unless coupled with other evidence having an inherent tendency to connect such other person with the actual commission of the crime. *People v. Mendez*, 193 Cal. 39, 223 P. 65 (1924); *People v. Perkins*, 8 Cal.2d 502 (1937); *State v. Perelli*, 125 Conn. 321, 5 A.2d 705; *State v. Kwan*, 174 Wash. 528, 25 P.2d 104 (1933).

It seems to us that there is a sound basis for this rule and that it rests fundamentally upon the same consideration which led to the early adoption of the elementary rules that evidence to be admissible must be both relevant and material. It rests upon the necessity that trials of cases must be both orderly and expeditious, that they must come to an end, and that it should be a logical end. To this end it is necessary that the scope of inquiry into collateral and unimportant issues must be strictly limited. It is quite apparent that if evidence of motive alone upon the part of other persons were admissible, that in a case involving the killing of a man who had led an active and aggressive life it might easily be possible for the defendant to produce evidence tending to show that hundreds of other persons had some motive or *animus* against the deceased; that a great many trial days might be consumed in the pursuit of inquiries which could not be expected to lead to any satisfactory conclusion. 193 Cal. 39, 52.

In the case of *People v. Peete*, 28 Cal.2d 306, 169 P.2d 924 (1946), defendant attempted to introduce the hearsay declaration of the murder victim which recited that a certain third person had threatened to kill her. The Court was upheld in denying the admission on the ground that the victim's state of mind concerning the third person was not at issue until defendant asserted her defense that the third

568

person was the actual perpetrator. In that case, the Court assumed that the declaration would have been admissible after evidence regarding the defense's theory was introduced. However, the defense never attempted to reintroduce the declaration into evidence after evidence of the third party's involvement was before the Court. It should be noted that in *Peete* there was substantial evidence circumstantially linking the third person with the crime.

In the instant case the state of mind of the victim regarding other persons is not at issue. Furthermore, there is no additional evidence tending to link the third persons with the perpetration of the crime. It is clear that the victim's note was not admissible before the grand jury.

It would be totally unreasonable to require the prosecution to put before the grand jury every bit of evidence which by some speculative theory *might* be admissible at some later time.

It should be noted that the prosecution's argument that the note was inadmissible because it was not authenticated is unpersuasive. If such were true, the prosecution could withhold exculpatory evidence solely because they were unwilling to lay the necessary foundation. Such a rule would be absurd.

For the foregoing reasons, the defendant's motion to dismiss the indictment is hereby denied.

SO ORDERED.